UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-22682-BLOOM
CASE NO. 13-CR-20353-BLOOM
MAGISTRATE JUDGE REID

PAUL SIMPLICE,

      Movant,

v.

UNITED STATES OF AMERICA,

      Respondent.

_____/

## REPORT OF MAGISTRATE JUDGE
## RE MOTION TO VACATE - 28 U.S.C. § 2255

### I. Introduction

The *pro se* Movant, **Paul Simplice**, has filed this motion to vacate, pursuant to 28 U.S.C. § 2255, attacking the constitutionality of his conviction and sentence for unlawful possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), entered following a jury trial in **Case No. 13-CR-20353-Bloom**. For the reasons explained below, the Movant is not entitled to habeas corpus relief.

This case has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B), (C); S.D. Fla. Local Rule 1(e) governing Magistrate Judges; S.D. Fla. Admin. Order 2019-02; and Rules 8 and 10 Governing Section 2255 Cases in the United States District Courts.

## II. Claims

Construing the § 2255 motion liberally, as afforded *pro se* litigants, pursuant to *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972), the Movant raises the following grounds for relief:

1.  Trial counsel was ineffective in failing to file a pre-trial motion to suppress the firearm evidence. [CV ECF No. 1 at 4; CV ECF No. 3 at 3-16].

2.  Trial counsel was ineffective in failing to object at trial to the introduction of the second firearm found during the traffic stop. [CV ECF No. 1 at 4; CV ECF No. 3 at 16-28].

3.  Appellate counsel was ineffective in failing to challenge the trial court's decision to permit the introduction of Fed. R. Crim. P. 404(b) evidence against him. [CV ECF No. 1 at 4; CV ECF No. 3 at 28-41].

4.  Movant is actually innocent in light of the Supreme Court's recent decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019) [CV ECF No. 10].[1]

## III. Procedural Background

On May 17, 2013, a federal grand jury sitting in the Southern District of Florida returned a two-count Indictment that charged Movant and co-defendant George Victor ("Victor") each with one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). [CR ECF No. 1].

---

[1] Petition raised this claim in a July 1, 2019 motion to supplement the motion to vacate to include an additional ground. [CV ECF No. 10].

Victor was arrested on June 13, 2013 and was sentenced following a guilty plea, on November 25, 2013. [CR ECF Nos. 52, 53]. Movant was taken into federal custody on April 29, 2014. [CR ECF No. 60].

### C. Co-Defendant Victor's Motion to Suppress

On July 24, 2013, Victor filed a motion to suppress challenging the legality of the traffic stop which resulted in the discovery of the two firearms at issue in this case and the arrest of Victor and the movant. [CR ECF No. 15]. A Magistrate Judge conducted an evidentiary hearing on the motion, during which the two officers involved in the arrest and search of the car testified. [CR ECF No. 32]. North Miami Beach Police Department Officers Marin and Catlin testified to the following. [*Id.* at 11-107]. Beginning at 11:00 p.m. on December 18, 2012, the officers were patrolling an area near a Gentlemen's Club which had recently experienced substantial criminal gang activity, some of which involved firearms. [*Id.* at 19]. Detective Marin observed a silver Hyundai Genesis parked close to the club with very dark tinted windows. [*Id.* at 19-20, 23]. A Hyundai Genesis had been the subject of a "be on the lookout" (BOLO) on December 10, 2012, in connection with gun brandishing activities, and earlier on December 18, 2012, in connection with a burglary. [*Id.* at 13-19]. The officers observed two men walking toward the Hyundai. [*Id.* at 24, 68-69]. Officer Catlin recognized Victor who had been arrested in the past and was a known gang member. [*Id.* at 67]. Victor got behind the wheel and Movant

entered the right rear passenger door. [*Id.* at 30-31, 69]. When the car started to move forward, the officers enabled lights and sirens due to the car's illegally tinted windows and because it matched the description of the car in the two prior BOLOs. [*Id.* at 25-28, 70-71]. The officers used their police cruisers to block the Hyundai Genesis. [*Id.* at 70].

Immediately after the stop, the officers observed through the front windshield, Victor and Movant each conceal something on the floor within the car. [*Id.* at 29-30]. Officers directed Victor and Movant to show their hands and exit the car. [*Id.* at 30-31, 74-75]. The officers detained them out of safety concerns. [*Id.* at 32-33]. After Officer Catlin saw a gun in plain view on the rear floorboard under the right front passenger seat, the officers searched the entire vehicle and found a second gun under the driver's seat. [*Id.* at 33-34, 78-79]. Officers determined that the firearms were stolen. [*Id.*]. The Officers issued a citation because the car's window tint was in violation of Florida law. [*Id.* at 73-74].

The Magistrate Judge issued a report recommending that the motion be denied because (1) the officers had probable cause to believe a traffic infraction had occurred and (2) the officers' reliance on two prior BOLOs regarding a similar vehicle were also sufficient to justify the stop. [CR ECF No. 33 at 4]. The report expressly found the officers' testimony credible. [*Id.* at 4-5]. The District Court adopted the report and denied the motion to suppress. [CR ECF No. 39].

### D. Trial and Verdict

Prior to trial, the government filed a motion *in limine* which sought to introduce at trial evidence that officers found a second gun in the vehicle and, pursuant to Fed. R. Crim. P. 404(b), that Movant had previously been convicted of being a felon in possession of a firearm. [CR ECF No. 91]. The court addressed the motion on the first morning of the trial. [CR ECF No. 163 at 2-20]. Defense counsel indicated that he had no objection to the introduction of the second gun. [CR ECF No. 163 at 6]. Defense counsel conceded that the proposed Rule 404(b) evidence regarding Movant's prior conviction was admissible in light of *United States v. Jernigan*, 341 F.3d 1273 (11th Cir. 2003), however, defense counsel asked that the trial court use its discretion and not admit the prior conviction. [*Id.* at 9]. After considering the probative value of the evidence as to the issues of knowledge and intent and that the court could give a limiting instruction, the trial court permitted the introduction of the Rule 404(b) evidence. [*Id.* at 16].

The trial evidence established that on December 19, 2012, just after midnight, Officers Marin and Catlin stopped a vehicle driven by Victor, because there were prior BOLOs for that type of vehicle.  [CR ECF No. 164 at 18-34, 83, 86]. Movant, a convicted felon, was in the backseat of the vehicle. [*Id.* at 18-34, 98-99]. At the outset of the traffic stop, an officer observed Movant lean forward, bend over, and reach underneath the passenger seat in front of him. [*Id.* at 36].

5

Officers instructed the men to put their hands up and then escorted them out of the vehicle. [*Id.* at 37-39, 90]. Officers found a Glock firearm with a loaded extended magazine on the floor of the car with the handle protruding out from underneath the front passenger seat into the back seat, which was where Movant's feet had been and where Movant was seen reaching when the traffic stop began. [*Id.* at 39-44, 47-52, 93-94]. Officers found a second firearm underneath the front driver's seat, where Victor had been sitting. [*Id.*]. After recovering the Glock firearm, law enforcement ran a records check and determined that it had been reported stolen. [*Id.* at 54].

Movant stipulated to the fact that he was convicted of possession of a firearm by a convicted felon in 2002. [CR ECF No. 165 at 6-7]. The prosecutor introduced a certified copy of Movant's prior conviction during the direct examination of Officer Catlin. [CR ECF No. 164 at 97]. In case no. F02-680B, Movant had been adjudicated guilty of possession of a firearm by a convicted felon by a Miami-Dade County circuit court. [PSI ¶ 28].

The jury found the Movant guilty of all charges. [CR ECF No. 99].

### D. Sentence and Direct Appeal

Prior to sentencing, a Pre-Sentence Investigation Report ("PSI") was prepared by the Probation Office setting Movant's base offense level at 26, under U.S.S.G. § 2K2.1(a)(1) of the United States Sentencing Guidelines, because Movant had

violated 18 U.S.C. § 922(g)(1) after sustaining two felony convictions of either a crime of violence or a controlled substance offense, in state court case nos. F97-2714 and F00-19006. [PSI ¶ 13]. Because the firearm was stolen, the offense level was increased by two levels under U.S.S.G. § 2K2.1(b)(4)(A). [PSI ¶ 14]. Movant's total offense level was 28. [PSI ¶ 21]. The PSI provided that the Movant had 7 criminal history points and a criminal history category of IV. [PSI ¶ 33]. As a result, Movant;s statutory term of imprisonment was zero to ten years under 18 U.S.C. § 924(a)(2). [PSI ¶ 72]. Based upon a total offense level of 28 and a criminal history category of IV, the guideline imprisonment range was 110 to 137 months. [PSI ¶ 73]. However, because the statutorily authorized maximum sentence of ten years was less than the maximum of the guideline range, the guideline range was 110 to 120 months, § 5G1.1(c)(1). [*Id.*]. The district court ultimately sentenced Movant to 110 months' imprisonment. [CR ECF No. 134].

Movant appealed raising the following issues: (1) the district court erred in admitting the parties' stipulation that the firearm was manufactured outside of Florida and moved in interstate or foreign commerce; and (2) the district court plainly erred by instructing the jury to accept the facts in the stipulation as true. *United States v. Simplice*, 687 F. App'x 850, 850-51 (11th Cir. 2017). The court of appeals affirmed Movant's conviction. *Id.*

Movant's conviction became final on **August 1, 2017**, 90 days after the

Eleventh Circuit opinion, when the time to seek relief in the Supreme Court expired. *See Clay v. United States*, 537 U.S. 522, 523 (2003); *United States v. Kaufman*, 282 F.3d 1336 (11th Cir. 2002); *Wainwright v. Sec'y Dep't of Corr.*, 537 F.3d 1282, 1283 (11th Cir. 2007).

At the latest, under 28 U.S.C. § 2255(f), the Movant was required to file this post-conviction motion to vacate within one year from the time the judgment became final, or no later than **August 1, 2018**. *See Clay*, 537 U.S. at 523; *see also Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008). The Movant filed a timely § 2255 motion to vacate on **June 26, 2018**. [CV ECF No. 1 at 6].

After the limitations period came to an end, Movant supplemented his motion on July 1, 2019 to raise a claim for relief pursuant to *Rehaif v. United States*, 139 S. Ct. 2191 (June 21, 2019). [CV ECF No. 10 at 6]. This claim is timely as well pursuant to 28 U.S.C. § 2255(f)(3) as it was raised within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Rehaif* announced a new right that is retroactively applicable to cases on collateral review because its holding narrowed the "class of persons that the law punishes" under 18 U.S.C. §§ 922(g) and 924(a). *See Welch v. United States*, 136 S. Ct. 1257, 1267 (2016). Movant filed this supplemental claim approximately two weeks after the Supreme Court issued *Rehaif*.

8

## IV. Standard of Review

### A. Section 2255

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on a final judgment, pursuant to 28 U.S.C. § 2255, are extremely limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States,* 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). Thus, relief under § 2255 is reserved for transgressions of constitutional rights, and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *Lynn v. United States,* 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted); *United States v. Frady*, 456 U.S. 152, 165 (1982). If a court finds a claim under § 2255 valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner, grant a new trial, or correct the sentence." 28 U.S.C. § 2255(b). The burden of proof is on the Movant, not the government, to establish that vacatur of the conviction or sentence is required. *Beeman v. United States,* 871 F.3d 1215, 1221-1222 (11th Cir. 2017).

### B. Ineffective Assistance of Counsel Principles

Regarding claims challenging counsel's effectiveness, the law is well settled

9

that a criminal defendant is entitled to the effective assistance of competent counsel before deciding whether to plead guilty. *Lee v. United States*, 137 S. Ct. 1958, 1964 (2017). Where a movant challenges counsel's effectiveness, he must demonstrate that: (1) counsel's performance was deficient, and (2) a reasonable probability that the deficient performance prejudiced the defense. *See Strickland v. Washington,* 466 U.S. 668, 687, 694 (1984). However, if the movant cannot meet one of *Strickland's* prongs, the court does not need to address the other prong. *Strickland,* 466 U.S. at 697; *Brown v. United States,* 720 F.3d 1316, 1326 (11th Cir. 2013).

To show deficient performance, a movant must demonstrate that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States,* 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted). With regard to the prejudice requirement, the movant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland,* 466 U.S. at 694. A movant is also not prejudiced by counsel's failure to raise non-meritorious claims. *Hittson v. GDCP Warden*, 759 F.3d 1210, 1262 (11th Cir. 2014).

Bare and conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *See Boyd v. Comm's, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333-34 (11th Cir. 2012). Thus, a § 2255 movant must provide factual support for his contentions regarding counsel's performance. *Smith v. White,* 815 F.2d 1401,

1406 (11th Cir. 1987).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail ... are few and far between." *Chandler v. United States,* 218 F.3d 1305, 1313 (11th Cir. 2000). The *Strickland* test does not require a showing of what the best or good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Dingle v. Sec'y for Dep't of Corr.,* 480 F.3d 1092, 1099 (11th Cir. 2007). In retrospect, where counsel's decision appears to have been unwise, it will have been ineffective only if it was "so patently unreasonable that no competent attorney would have chosen it." *Id.* (citations omitted).

To overcome a procedural default arising from a claim that could have been, but was not raised on direct appeal, the movant must demonstrate: (1) cause for failing to raise the claim and prejudice resulting therefrom; or, (2) that a miscarriage of justice excuses the procedural default because the movant is actually innocent. *See McKay v. United States,* 657 F.3d 1990, 1996 (11th Cir. 2011).

A meritorious claim of ineffective assistance of counsel can, however, constitute cause for a procedurally defaulted claim. *See United States v. Nyhuis,* 211 F.3d 1340, 1344 (11th Cir. 2000). Ineffective assistance of counsel claims, however, are generally not cognizable on direct appeal and are properly raised by way of a

§ 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States,* 538 U.S. 500, 503 (2003); *see also United States v. Patterson,* 595 F.3d 1324, 1328 (11th Cir. 2010).

### V. Discussion

Under **Claim 1**, the Movant alleges that trial counsel was ineffective in failing to file a pre-trial motion to suppress the firearm evidence found during the December 19, 2012 traffic stop. [CV ECF No. 1 at 4; CV ECF No. 3 at 3-16].

To demonstrate ineffective assistance of counsel for failure to file a motion to suppress, Movant must show "(1) that counsel's representation fell below an objective standard of reasonableness, (2) that the Fourth Amendment claim is meritorious, and (3) that there is a reasonable probability that the verdict would have been different absent the excludable evidence." *Zakrzewski v. McDonough*, 455 F.3d 1254, 1260 (11th Cir. 2006) (citing *Kimmelman v. Morrison,* 477 U.S. 365, 375 (1986)). Here, Movant cannot establish the second element in light of co-defendant Victor's failed attempt to suppress the firearms found during the December 19, 2012 traffic stop.

"The decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren v. United States,* 517 U.S. 806, 810 (1996). "[O]fficers conducting a traffic stop may 'take such steps as [are] reasonably necessary to protect their personal safety.'" *United*

*States v. Purcell*, 236 F.3d 1274, 1277 (11th Cir. 2001) (quoting *United States v. Hensley*, 469 U.S. 221, 235 (1985)). These steps include a "protective search of . . . the vehicle." *Id.* (citing *Michigan v. Long*, 463 U.S. 1032, 1049-51 (1983)). Officers "may seize any contraband, including weapons, in plain view." *Id.* (citing *Long*, 463 U.S. at 1049).

The officers were justified in stopping the silver Hyundai Genesis for being in violation of Fla. Stat. § 316.2953, which provides that an individual driving a vehicle in violation of window tinting ordinances and/or statutes commits a noncriminal traffic infraction. *See* [CR ECF No. 33 at 4]; *Whren*, 517 U.S. at 810. The officers were also justified in stopping the silver Hyundai Genesis because it matched the description of a car which was the subject of two recent BOLOs. One of the BOLOs issued hours earlier and informed officers that a Hyundai Genesis was potentially involved in a burglary. Immediately after the stop, the officers observed the men inside the car each conceal something on the floor. The officers justifiably directed Victor and Movant to exit the car and detained them out of safety concerns for the officers. *See Purcell*, 236 F.3d at 1277. After Officer Catlin saw a gun in plain view on the rear floorboard, the officers had a valid reason to search the entire vehicle, resulting in the discovery of two firearms. *See Long*, 463 U.S. at 1049-51.

In light of the foregoing, the Movant cannot establish that his Fourth Amendment claim had merit. *See Zakrzewski*, 455 F.3d at 1260. It follows, that he

cannot establish that counsel's failure to file a motion to suppress resulted in prejudice. Following an evidentiary hearing in Victor's case, the Magistrate Judge and District Court reached the same conclusion regarding the same firearm evidence. Movant fails to provide any arguments to undermine this court's previous rejection of the same Fourth Amendment argument and is not entitled to relief.

Under **Claim 2**, the Movant alleges that trial counsel was ineffective in failing to object at trial to the introduction of the second firearm found during the traffic stop. [CV ECF No. 1 at 4; CV ECF No. 3 at 16-28].

"Evidence, not part of the crime charged but pertaining to the chain of events explaining the context, motive and set-up of the crime, is properly admitted if linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury." *United States v. Nerey*, 877 F.3d 956, 974 (11th Cir. 2017) (quoting *United States v. McLean*, 138 F.3d 1398, 1403–04 (11th Cir. 1998)).

Here, the government's theory of the case, as expressed in the opening statement, was "two guys, two guns." [CR ECF No. 164 at 6]. The government sought to establish that Movant hid the gun discovered on the back floorboard, behind the passenger's seat, when the officers stopped the car. In order to establish this fact, the government introduced evidence that the second gun, which was found up front and under the driver's seat, was placed there by Victor. Because the

government's theory that the placement of each gun found in the vehicle corresponded to the location of each occupant, the facts and circumstances surrounding the second gun were highly relevant to proving that Movant, as opposed to Victor, knowingly possessed the gun that was found near him. As a result, the evidence of the second gun established context and provided the jury with a complete story. *See Nerey*, 877 F.3d at 974.

Because evidence regarding the second gun was both relevant and admissible, Movant's counsel was not ineffective for failing to object to its admission at trial. *See United States v. Costa*, 691 F.2d 1358, 1363 (11th Cir. 1982) ("We have previously held that the failure to object to admissible evidence does not constitute ineffective assistance of counsel."). The Movant cannot establish that counsel was ineffective in failing to raise a meritless argument or objection. *Palmes v. Wainwright*, 725 F.2d 1511, 1523 (11th Cir. 1984) ("Trial counsel certainly cannot be deemed to have been ineffective for failing to raise [a] tenuous objection."). *See also Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000). In any event, Movant has not demonstrated prejudice. The evidence at trial, to which Movant does not object, established that the gun attributed to him was found where he had been sitting and was, therefore, in his possession.

Under **Claim 3**, the Movant alleges that appellate counsel was ineffective in failing to challenge the trial court's decision to permit the introduction of Fed. R.

Crim. P. 404(b) evidence. [CV ECF No. 1 at 4; CV ECF No. 3 at 28-41].

Movant first argues that because he stipulated to being a convicted felon, the details of the underlying conviction should not have been introduced at trial. [CV ECF No. 3 at 38-40]. Pursuant to Rule 404(b), "Evidence of a crime, wrong, or other act . . . may be admissible . . . [to] prov[e] motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." The Eleventh Circuit has held that a defendant's prior convictions for crimes involving knowingly being in possession of a firearm are relevant and admissible under Rule 404(b) in subsequent trials where the charged offenses also involve knowing firearm possession. *See, e.g., United States v. Jernigan*, 341 F.3d 1273, 1281 (11th Cir. 2003) ("[W]here a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged.") (quotations and citations omitted).

The government filed a pre-trial motion *in limine* in which it argued that evidence of Movant's prior convictions for knowingly possessing a firearm were admissible under Rule 404(b). [CR ECF No. 91]. At the outset of trial, the prosecutor explained that he intended to introduce the prior conviction to show knowledge, intent, and a lack of mistake. [CR ECF No. 163 at 7]. Defense counsel argued that although the evidence was admissible under *Jernigan*, it was highly prejudicial. He

requested that the court exercise its discretion to exclude the evidence. [*Id.* at 9-10]. The District Court concluded that because knowledge and possession of a firearm was at issue, the prior conviction was admissible in light of *Jernigan*. [*Id.* at 10, 14].

Movant does not provide any argument to undermine the District Court's prior ruling on this evidence. Instead, he asserts that he is entitled to relief in light of *Old Chief v. United States*, 519 U.S. 172 (1997). In *Old Chief*, 519 U.S. at 176-77, the defendant agreed to stipulate to the fact that he was a convicted felon in a prosecution pursuant to 18 U.S.C. § 922(g)(1). The government refused to accept the stipulation. *Id.* at 175-77. In reversing the conviction, the Supreme Court held that the nature of the conviction was more prejudicial than probative under a Rule 403 analysis.[2] *Id.* at 191-92. In reaching this conclusion, the Court specifically acknowledged that admission of a prior conviction could be proper if done for one of the limited purposes set forth in Rule 404(b). *Id.* at 190. Contrary to Movant's argument, *Old Chief* is inapplicable in his case and does not alter the District Court's prior ruling.

Movant also contests the authenticity of the certified conviction itself because it was introduced through a witness who did not obtain the record directly from the clerk's office. [CV ECF No. 3 at 36-38, 42]. The prosecutor introduced a certified copy of Movant's prior conviction during the direct examination of Officer Catlin.

---

[2] Pursuant to Fed. R. Evid. 403, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

[CR ECF No. 164 at 97]. Defense counsel conducted a brief *voir dire* during which Officer Catlin stated he did not obtain the exhibit from the clerk's office himself. [*Id.* at 97-98]. Defense counsel objected on this basis and the District Court overruled the objection. [*Id.* at 98].

Because a certified criminal conviction is self-authenticating, the document "require[d] no extrinsic evidence of authenticity to be admitted." Fed. R. Evid. 902(4). The District Court properly overruled the objection.

"Claims of ineffective assistance of appellate counsel are governed by the same standards applied to trial counsel under *Strickland*." *Dell v. United States*, 710 F.3d 1267, 1273 (11th Cir. 2013) (quoting *Philmore v. McNeil*, 575 F.3d 1251, 1264 (11th Cir. 2009)). The Movant cannot establish that appellate counsel was ineffective in failing to raise a meritless argument on appeal. *See Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000). Because the argument under claim 3 has no merit, Movant cannot establish prejudice under *Strickland*. He is not entitled to relief.

Finally, under **Claim 4,** Movant alleges that he is actually innocent in light of the Supreme Court's recent decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). [CV ECF No. 10].

In *Rehaif*, the Supreme Court held that, "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both [1] that the defendant knew

he possessed a firearm and [2] that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id*. at 2200.

In Movant's trial, the jury found that the government proved beyond a reasonable doubt that Movant was in possession of a firearm during the December 19, 2012 incident. *See* [CR ECF No. 99]. During the trial, Movant expressly stipulated to the fact that he was convicted in 2002 of being a felon-in-possession of a firearm. [CR ECF No. 165 at 6-7]. He, therefore, knew he belonged to a class of persons barred from being in possession of a firearm on the night of December 19, 2012. Movant is not entitled to relief under *Rehaif*.

## VI. Cautionary Instruction Re *Clisby* Rule

The Court is mindful of the *Clisby*[3] rule that requires district courts to address and resolve all claims raised in habeas corpus proceedings, regardless of whether relief is granted or denied. *Clisby v. Jones*, 960 F.2d at 936-36; *Rhode v. United States,* 583 F.3d 1289, 1291 (11th Cir. 2009)(holding that *Clisby* applies to § 2255 proceedings). However, nothing in *Clisby* requires, much less suggests, consideration of claims or arguments raised for the first time in objections. If the Movant attempts to raise arguments or further factual support for his claims in objections, the court should exercise its broad discretion and refuse to consider the arguments not raised before the magistrate judge in the first instance. *See Williams*

---

[3]*Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992).

*v. McNeil,* 557 F.3d 1287, 1291 (11th Cir. 2009)(*citing Stephens v. Tolbert,* 471 F.3d 1173, 1175 (11th Cir. 2006)(finding no abuse of discretion by the district court in declining to consider timeliness argument that was not presented to the magistrate judge)). This is so because "[p]arties must take before the magistrate, 'not only their best shot but all of the shots.'" *See Borden v. Sec'y of Health & Human Services,* 836 F.2d 4, 6 (1st Cir. 1987) (quoting *Singh v. Superintending School Comm. of City of Portland,* 593 F. Supp. 1315, 1318 (D. Me. Sept. 27, 1984). Further, where a precise argument, subsumed within any of the foregoing grounds for relief, was not specifically addressed, all arguments and claims were considered and found to be devoid of merit, even if not discussed in detail here.

## VII. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his or her petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell,* 556 U.S. 180, 183 (2009). This Court should issue a certificate of appealability only if the Movant makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Where a district court has rejected a Movant's constitutional claims on the merits, the Movant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

However, when the district court has rejected a claim on procedural grounds, the Movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Upon consideration of the record, this court should deny a certificate of appealability. Notwithstanding, if Movant does not agree, Movant may bring this argument to the attention of the district judge in objections.

## VIII. Conclusions and Recommendations

Based on the foregoing, it is recommended that:

1.      the motion to vacate be DENIED on the merits;

2.      final judgment be entered in favor of the respondent;

2.      that no certificate of appealability issue; and,

3.      the case closed.

Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district court judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 149 (1985); *Williams v. McNeil*, 557 F.3d at 1291 (11th Cir. 2009) (finding district court has discretion to decline consideration of

arguments not presented to the magistrate judge in the first instance).

Signed this 3rd day of February, 2020.

_____
UNITED STATES MAGISTRATE JUDGE


cc:  **Paul Simplice**, *Pro Se*
     Reg. No. 05175-104
     Bennettsville
     Federal Correctional Institution
     Inmate Mail/Parcels
     Post Office Box 52020
     Bennettsville, SC 29512

     **David Samuel Turken**
     United States Attorney's Office
     99 N.E. 4th Street
     Miami, FL 33132
     305.961.9430
     Email: david.turken@usdoj.gov