UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-22682-BLOOM/Reid

PAUL SIMPLICE,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

# ORDER

**THIS CAUSE** is before the Court upon Petitioner Paul Simplice's ("Petitioner") filing, which the Court construes as a motion for relief pursuant to the First Step Act of 2018, ECF No. [20] ("Motion"), filed on March 4, 2020. The Court has reviewed the Motion, the record in this case and in Petitioner's underlying criminal case,[1] and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

On February 14, 2020, Petitioner filed a Motion to Transfer requesting that he be transferred from the facility in which he is currently housed to FDC Miami so he could be closer to his ailing mother. ECF No. [14]. On the same day, the Court issued an Omnibus Order denying the Motion to Transfer and explaining that determinations on inmate placement are solely within the discretion of the Bureau of Prisons. ECF No. [16]; *see* 18 U.S.C. § 3621. Petitioner now files the instant Motion requesting that he be placed on home confinement for the remainder of his sentence, pursuant to "the new Bill that was past [sic] last year," so that he can be near his children and his sick mother. ECF No. [20].

---

[1] *United States v. Simplice*, No. 13-CR-20353-002-BB.

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). In applying this rule of liberal construction to *pro se* Petitioner's Motion, the Court construes the Motion as one requesting a modification to Petitioner's current sentence under the First Step Act of 2018 ("First Step Act").

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194 (11th Cir. 2010); *see also United States v. Maiello,* 805 F.3d 992, 999-1000 (11th Cir. 2015) (stating that a court may modify a final sentence only when one of the limited exceptions in § 3582(c) applies). One such narrow exception to the general prohibition against modifying a previously-imposed sentence is found in 18 U.S.C. § 3582(c)(1)(B), which provides that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."

The Fair Sentencing Act of 2010 ("Fair Sentencing Act") was passed to reduce the disparity in treatment of cocaine base and powder cocaine offenses. *See Dell v. United States*, 710 F.3d 1267, 1271 (11th Cir. 2013) (acknowledging disparity). Section 2 of the Fair Sentencing Act modified the statutory penalties under 21 U.S.C. §§ 841(b)(1)(A) & (B), and increased the quantity of crack cocaine that triggered mandatory minimum penalties. However, the Fair Sentencing Act was not made retroactively applicable until passage of the First Step Act on December 21, 2018. The only portion of the First Step Act that expressly permits a Court to reduce a previously imposed sentence is § 404, which allows (but does not require) courts to retroactively apply certain provisions of the Fair Sentencing Act on the statutory penalties for offenses involving a cocaine

base. Section 404(b) of the First Step Act expressly permits the Court to impose a reduced sentence as if §§ 2 or 3 of the Fair Sentencing Act were in effect at the time the covered offense was committed. Pub. L. No. 115-391, 132 Stat. 5194. A "'covered offense' means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, . . . that was committed before August 3, 2010." *Id.*

As such, the changes in the statutory penalties under 21 U.S.C. §§ 841(b)(1)(A) & (B) apply retroactively to a sentence rendered prior to the effective date of the Fair Sentencing Act. The authority to reduce a sentence under the First Step Act applies only to (1) federal crack cocaine offenses, (2) committed prior to August 3, 2010, (3) for which the Fair Sentencing Act modified the statutory penalty range. Here, Petitioner is not eligible for relief under the First Step Act because the offense for which he was convicted does not involve crack cocaine, as Petitioner was convicted of possession of a firearm by a convicted felon. *See United States v. Simplice*, No. 13-CR-20353-002-BB, ECF No. [135]. Further, Petitioner committed the charged offense on December 19, 2012 — well after the August 3, 2010, requirement. *See id.* As such, the First Step Act affords Petitioner no relief here. Therefore, Petitioner's Motion is denied.

Accordingly, it is **ORDERED AND ADJUDGED** that Petitioner's Motion, **ECF No. [20]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 6, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Paul Simplice
05175-104
Bennettsville Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 52020
Bennettsville, SC 29512